Jack McCABE, Appellant,

v.

CITY OF EUREKA, MISSOURI, Appellee.

No. 80–2103.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 18, 1981.

Decided Nov. 30, 1981.

Rehearing Denied Jan. 14, 1982.

---

Michael Ferry, St. Louis, Mo., John Essner, argued, St. Louis, Mo., for appellant.

Richard Bumb, argued, Wallach & Bumb, Fenton, Mo., for appellee.

Before LAY, Chief Judge, HEANEY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

This appeal raises the single issue of whether an implied private right of action exists under 15 U.S.C. § 1674(a) of the Consumer Credit Protection Act. Jack McCabe appeals the dismissal of his complaint following the district court's findings that no implied private right of action exists, 500 F.Supp. 59.

The pertinent statutory provisions provide:

§ 1674. Restriction on discharge from employment by reason of garnishment.

(a) No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness.

(b) Whoever willfully violates subsection (a) of this section shall be fined not more than $1,000, or imprisoned not more than one year, or both.

§ 1676. Enforcement by Secretary of Labor

The Secretary of Labor, acting through the Wage and Hour Division of the Department of Labor, shall enforce the provisions of this subchapter.

Nothing in the relevant statutes expressly grants or denies a private right of action. Thus, the question is whether there is an implied right of action and this question must be analyzed under the test set forth in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). The factors to be considered under *Cort v. Ash* are (1) whether the plaintiff is a member of the class of persons for whose benefit the statute was enacted; (2) whether the legislature has implicitly or explicitly manifested any intent to create or deny such a remedy; (3) whether it is consistent with the underlying purpose of the legislative scheme to imply such a remedy; and (4) whether the cause

of action is traditionally a creature of state law such that inferring a cause of action based solely on federal law would be inappropriate. *Id.* at 78, 95 S.Ct. at 2087.

The complaint filed in this case alleged that McCabe was discharged by the City of Eureka because of a possible garnishment of his wages. Subchapter II of the Consumer Credit Protection Act addresses restrictions on garnishment and in 15 U.S.C. § 1671(a)(2) Congress found the purpose for such restrictions included the fact that garnishment "frequently results in loss of employment by the debtor, and [results in] disruption of employment, production, and consumption * * *." Based on this statement of purpose, it is clear that McCabe is a member of the class of persons for whose benefit the statute was enacted.

As to the second factor to be considered under *Cort v. Ash*, we first note that the legislative history contains no explicit reference to the denial or the creation of a private right of action. However, the legislative history does state that the enforcement of the garnishment provisions of the Consumer Credit Protection Act "is vested in the Secretary of Labor." H.R.Rep.No. 1040, 90th Cong., 2d Sess. reprinted in [1968] U.S.Code Cong. & Ad.News 1962, 1978.

Additionally, Subchapter I of the Consumer Credit Protection Act was enacted on the same date and as part of the same law, Public Law 90–321, as Subchapter II. Subchapter I is also referred to by its short title as the Truth in Lending Act. This court in *Jordan v. Montgomery Ward & Co.*, 442 F.2d 78, 81 (8th Cir.), *cert. denied*, 404 U.S. 870, 92 S.Ct. 78, 30 L.Ed.2d 114 (1971) found that the *expressed* right of private action provided for in Part B (originally Chapter 2) of Subsection I (Truth in Lending Act) weighed heavily against implying a private right action under Part C of Subsection I which deals with credit advertising. In *Jordan* the court also noted that "the legislative history evinces that Congress intended that the Act be enforced primarily by administrative agencies." *Id.* at 81.

The absence of any reference to a private right of action in Subchapter II when viewed in light of Congress' detailed provision of such a right under Part B of Subchapter I (15 U.S.C. § 1640) is in our opinion an implicit manifestation of an intent to deny such a remedy. And the lack of a private remedy when considered with the command of 15 U.S.C. § 1676, that the Secretary of Labor *shall* enforce section 1674 is consistent with the "legislative scheme" of the Act.

Similar reasons to those proffered here were adopted by the Fifth Circuit in finding an implied denial of a right of private action under 15 U.S.C. § 1674(a). *See Smith v. Cotton Brothers Baking Co.*, 609 F.2d 738 (5th Cir.), *cert. denied*, 449 U.S. 821, 101 S.Ct. 79, 66 L.Ed.2d 23 (U.S. Oct. 7, 1980). However, prior to the Supreme Court's decision in *Cort v. Ash*, the Ninth Circuit found that a private remedy should be implied under 15 U.S.C. § 1674(a). *See Stewart v. Travelers Corporation*, 503 F.2d 108 (9th Cir. 1974). We decline to follow the Ninth Circuit's views because their basic reasoning hinged on a proposition that does not appear to comply with *Cort v. Ash* principles. That proposition was that " '[i]n the absence of a clear congressional intent to the contrary, the courts are free to fashion appropriate civil remedies based on the violation of a penal statute where necessary to ensure the full effectiveness of the congressional purpose.' " *Stewart v. Travelers Corporation, supra*, 503 F.2d at 110, *citing Burke v. Compania Mexicana de Aviacion*, 433 F.2d 1031 (9th Cir. 1970).

The final factor to be considered under *Cort v. Ash* relates to whether the cause of action is traditionally a creature of state law. One of Congress' reasons for placing restrictions on garnishment was because "[t]he great disparities among the laws of the several States relating to garnishment have, in effect, destroyed the uniformity of the bankruptcy laws and frustrated the purposes thereof in many areas of the country." 15 U.S.C. § 1671(a)(3). This language can possibly be viewed as recognition by Congress that their legislation affected a traditionally state area of law but is not

necessarily determinative of whether a cause of action based solely on federal law would be inappropriate.

For these reasons we refuse to imply a private right of action under 15 U.S.C. § 1674(a). The judgment of the district court dismissing the action for failure to state a claim upon which relief may be granted is affirmed, each party to pay its own costs on appeal.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent. While the Supreme Court in recent years has restricted the availability of implied private rights of actions under federal statutes, it has also made clear that such private remedies will continue to be implied in appropriate circumstances. Because there is evidence that Congress intended to create a private right of action for employees discharged in violation of the Consumer Credit Protection Act, 15 U.S.C. § 1674, and because such an implied remedy is necessary to effectuate the Act's purpose, I would reverse the district court and find that the plaintiff has stated a claim for which relief may be granted.

Recent Supreme Court decisions indicate that it has modified the four-pronged test of *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), relied upon by the majority. *E. g., California v. Sierra Club*, 451 U.S. 287, 101 S.Ct. 1775, 1779, 68 L.Ed.2d 101 (1981); *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL–CIO*, 451 U.S. 77, 101 S.Ct. 1571, 1580, 67 L.Ed.2d 750 (1981); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575–576, 99 S.Ct. 2479, 2488–89, 61 L.Ed.2d 82 (1979). In determining whether a federal statute creates an implied private cause of action, the ultimate issue is whether Congress intended to create that implied private remedy. *E. g., Northwest Airlines, Inc. v. Transport Workers Union of America, AFL–CIO, supra*, 101 S.Ct. at 1580; *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15–16, 100 S.Ct. 242, 244–45, 62 L.Ed.2d 146 (1979). The four *Cort* factors, rather than constituting considerations entitled to equal weight, have been reduced to

"the criteria through which this intent could be discerned." *California v. Sierra Club, supra*, 101 S.Ct. at 1779.

In ascertaining congressional intent, the first consideration is the language of the statute. *E. g., id.* at 1779; *Touche Ross & Co. v. Redington, supra*, 442 U.S. at 568, 99 S.Ct. at 2485. In *Touche Ross & Co. v. Redington, supra*, 442 U.S. at 569, 99 S.Ct. at 2486, the Supreme Court held that section 17(b) of the Securities Exchange Act of 1934, which does not proscribe any activity but rather merely imposes record-keeping requirements on broker-dealers, did not create an implied private cause of action. It, however, noted that where, as here, the statute prohibits certain conduct or creates federal rights in favor of private parties, a private right of action may be implied. Here, section 1674 of the Act expressly prohibits the discharge of employees by reason of the garnishment of their wages.

In examining the Act's language, another relevant consideration is whether or not Congress enacted the statute to benefit a particular class of persons. The majority concedes that section 1674 focuses on a particular class of beneficiaries whose welfare Congress intended to further. Just last term, the Supreme Court reiterated that

> [t]he Court consistently has found that Congress intended to create a cause of action "where the language of the statute specifically confer[s] a right directly on a class of persons that include[s] the plaintiff in the case." *Cannon v. University of Chicago*, 441 U.S. 677, 690 n.13 [99 S.Ct. 1946, 1954 n.13, 60 L.Ed.2d 560] (1979). Conversely, it has noted that there "would be far less reason to infer a private remedy in favor of individual persons" where Congress, rather than drafting the legislation "with an unmistakable focus on the benefited class," instead has framed the statute simply as a general prohibition or command to a federal agency. *Id.* at 690–692 [99 S.Ct. at 1954–55].

*University Research Association, Inc. v. Coutu*, 450 U.S. 754, 101 S.Ct. 1451, 1462, 67 L.Ed.2d 662 (1981). *Accord, California v.*

*Sierra Club, supra,* 101 S.Ct. at 1779; *Cannon v. University of Chicago, supra,* 441 U.S. at 690, 99 S.Ct. at 1954.

Here, section 1674 prohibits specific conduct and focuses on a particular benefited class. Thus, a congressional intent to create a private remedy can be inferred from the language of the statute itself.

A second relevant area of inquiry is the legislative history. The history here, however, is silent as to whether or not a private cause of action exists under section 1674. The Supreme Court has recognized that the legislative history of a statute that does not expressly create or deny a private cause of action typically will be equally silent or ambiguous on the issue. *Cannon v. University of Chicago, supra,* 441 U.S. at 694, 99 S.Ct. at 1956. Therefore, the "failure of Congress expressly to consider a private remedy is not inevitably inconsistent with an intent on its part to make such a remedy available." *Transamerica Mortgage Advisors v. Lewis, supra,* 444 U.S. at 18, 100 S.Ct. at 246.

The majority's reliance on the fact that the legislative history provides that enforcement of the statutory garnishment restrictions is "vested in the Secretary of Labor" is misplaced. That language merely recognizes that the Secretary of Labor is responsible for enforcing the sanctions expressly provided in the Act.[1] No one contends that anyone but the Secretary of Labor has the authority to enforce the Act's administrative enforcement provisions. But that fact does not answer the question of whether private remedies can be implied in addition to the express statutory provisions.

In addition to an act's language and legislative history, the structure of the statutory scheme is relevant to the determination of Congress' intent. Contrary to the majority's contentions, an implied private right of action under section 1674 would not be inconsistent with the statutory scheme of the Act.

Subchapter II of the Act, of which section 1674 is part, provides only for administrative civil remedies. In contrast, Subchapter I of the Act, which was enacted on the same date and as part of the same law, contains administrative and private civil remedies. The majority concludes from this fact that Congress has evinced an intent not to create a private remedy under section 1674. It is true that the Supreme Court has found that the fact that other provisions of a statute create express remedies is a reason not to imply a private remedy under the section in question. *E.g., Transamerica Mortgage Advisors, Inc. v. Lewis, supra,* 444 U.S. at 21, 100 S.Ct. at 248; *Touche Ross & Co. v. Redington, supra,* 442 U.S. at 571–572, 99 S.Ct. at 2487. But the Supreme Court has also stated that

> [t]he fact that other provisions of a complex statutory scheme create express remedies has not been accepted as a sufficient reason for refusing to imply an otherwise appropriate remedy under a separate section.  * * * Rather, the Court has generally avoided this type of "excursion into extrapolation of legislative intent," * * * unless there is other, more convincing, evidence that Congress meant to exclude the remedy.

*Cannon v. University of Chicago, supra,* 441 U.S. at 711, 99 S.Ct. at 1965 (citations omitted).

Here, there is no such convincing evidence of an intent to deny a private remedy—indeed, as noted above, there is evidence of an intent to the contrary.

Moreover, the availability of express remedies in other provisions of the same statute properly gives rise to an inference that no

---

1. The Secretary of Labor is empowered by 15 U.S.C. § 1676 to enforce the provisions of the Consumer Credit Protection Act, 15 U.S.C. §§ 1671 *et seq.* The administrative remedies used by the Secretary to enforce section 1674 are (1) conciliation proceedings between the employer and discharged employee, and (2) civil suits to require the employer to reinstate a discharged employee and to pay back pay. These administrative remedies are employed at the discretion of the Secretary of Labor.

Section 1674(b) provides that the unlawful discharge of employees is punishable by fine or imprisonment. These criminal penalties are pursued by the Justice Department.

private implied remedy was intended only when the express remedies are directed at the same kind of conduct, are intended to benefit the same identifiable class, and are passed contemporaneously with the provision in question. *See Touche Ross & Co. v. Redington, supra*, 442 U.S. at 572–574, 99 S.Ct. at 2487–88. Steinberg, *Implied Rights of Action Under Federal Law*, 55 Notre Dame Law 33, 47–48 (1979). When the express remedies in other provisions do not meet these criteria, no negative inference for implication should be drawn. To do so would establish a presumption that implied private rights are always disfavored. Steinberg, *Implied Rights of Action Under Federal Law, supra*, 55 Notre Dame Law at 47–48. Here, Subchapter I, which requires creditors to make full disclosure of their credit terms, was enacted for the benefit of all credit consumers. In contract, section 1674, Subchapter II, was enacted for the benefit of a discrete group of credit consumers—employees who have had their wages garnished—and it does not operate against creditors but rather, it prohibits employers from discharging those protected employees.

The purpose of the statute is also relevant to the resolution of the issue in this case. A private remedy should not be implied if it would frustrate the underlying purpose of the legislative scheme. *Cannon v. University of Chicago, supra*, 441 U.S. at 703, 99 S.Ct. at 1961; *Cort v. Ash, supra*, 422 U.S. at 84, 95 S.Ct. at 2091. But the Supreme Court has stated that "when the [implied] remedy is necessary or at least helpful to the accomplishment of the statutory purpose, the Court is *decidedly receptive* to its implication under the statute." (Emphasis added.) *Cannon v. University of Chicago, supra*, 441 U.S. at 703, 99 S.Ct. at 1961. Here, an implied private remedy would significantly further the goals of the Act.

A major purpose of section 1674 is to deter, through criminal penalties, employers from violating the statute's proscription against discharging employees because of garnishment. The implication of a private civil remedy for violations of section 1674 in no way is inconsistent with or disrupts this enforcement scheme. The criminal penalties only cover willful violations and proving willfulness often will be difficult. Moreover, there is no evidence that the Justice Department has regularly invoked the criminal penalties to enforce section 1674. Finally, whatever deterrence the criminal sanctions provide, it will be enhanced by the prospect of greater potential liability arising from private civil actions.

A second major purpose of section 1674 is to protect against the frequently harsh consequences of garnishment. The legislative history reveals that Congress was concerned that "the garnishment of wages is frequently an essential element in the predatory extension of credit resulting in a disruption of employment, production, as well as consumption." U.S.Code Cong. & Admin. News, 90th Cong., 2d Sess., Vol. 2 (1968) at 1977.

In *Stewart v. Travelers Corp.*, 503 F.2d 108, 133 (9th Cir. 1974), the Ninth Circuit convincingly argued that an implied private right of action is necessary to effectuate this protective purpose of section 1674. The Court stated:

> Whatever deterrence § 1674(b) creates, since it does not compensate the jobless and credit-stricken victim, it does not undo the very harm which the statute was intended to forestall. [Footnote omitted.]

In enacting section 1674, Congress expressed strong concern with the problems caused by wage garnishment, particularly the prospect of pushing overextended debtors into bankruptcy. It is doubtful that Congress would pass a statute that does nothing to avoid those harsh and unjust consequences once an employee's wages are garnished.

The Supreme Court has not always found persuasive the argument that a private remedy should be implied because it is necessary to advance the purpose of a statute. But in cases rejecting this necessity argument, the Supreme Court has found that Congress evinced a clear intent to deny a

private cause of action or that the statute in question provided significant administrative or criminal enforcement mechanisms.[2] In contrast, here Congress has indicated an intent to create—not deny—a private right of action. Additionally, section 1674's enforcement mechanism is inadequate to effectuate the Act's purposes. The Secretary of Labor's conciliation process is only an informal one. Moreover, there is no indication that the administrative remedies available to the Secretary or the criminal penalties available to the Justice Department are utilized on anything but an infrequent basis. The only way section 1674 can be enforced to effectuate its purpose is to permit individuals to pursue a private remedy. Hence, an implied private right of action must be recognized.

Another factor underlying the Supreme Court decisions finding that no private cause of action can be implied from a federal statute is the concern that such a remedy will open the way for a new wave of litigation in the already overburdened federal courts. In many cases, this concern is understandable because the statute in question creates only a general prohibition or obligation without conferring a right in favor of a discrete class.[3] If a private right of action was implied in such cases, nearly any private citizen meeting minimal standing requirements could bring suit.

Here, in contrast, the Act confers a federal right on a discrete group and, hence, the class of potential plaintiffs is limited. An implied right of action under section 1674 would only be available to those employees discharged because their wages were garnished who could not resolve the dispute through the Secretary of Labor's conciliation program. Therefore, recognizing an implied private cause of action under section 1674 would not open the floodgates for substantially more litigation in the federal courts. *See Cannon v. University of Chicago, supra,* 441 U.S. at 717, 99 S.Ct. at 1971 (implied private right of action exists under section 901(a) of Title IX of the Education Amendments of 1972 which prohibits discrimination on the basis of sex in any education program receiving federal aid).

Finally, as the majority essentially concedes, the final factor specified in *Cort,* that is, whether the cause of action is traditionally a creature of state law, suggests that a private remedy should be implied here. One of Congress' reasons for placing restrictions on garnishment was because "[t]he great disparities among the laws of the several States relating to garnishment have, in effect, destroyed the uniformity of the bankruptcy laws and frustrated the purposes thereof in many areas of the country." 15 U.S.C. § 1671(a)(3). This language recognizes that the Act would affect some areas traditionally addressed by state law, but Congress nonetheless enacted section 1674 to prevent the problems caused by discharging an employee whose wages have been garnished. Therefore, the fact that an implied private right of action here per-

---

2. *See, e. g., Middlesex County Sewage Authority v. National Sea Clammers Association,* 453 U.S. 1, 13, 101 S.Ct. 2615, 2623, 69 L.Ed.2d 435 (1981) (Federal Water Pollution Control Act and Marine Protection, Research, and Sanctuaries Act contain "unusually elaborate enforcement provisions, conferring [express] authority to sue for this purpose both on government officials and private citizens."); *Securities Investor Protection Board Corp. v. Barbour,* 421 U.S. 412, 420, 95 S.Ct. 1733, 1738, 44 L.Ed.2d 263 (1975) (statute creates a public corporation to solve problems of insolvent broker-dealers, which is supervised by the SEC and provides for enforcement by the SEC in court of the corporation's statutory obligations).

3. *E. g., Middlesex County Sewage Authority v. National Sea Claimers Association, supra,* 101

S.Ct. at 2625 (no implied private remedy under the Federal Water Pollution Control Act and Marine Protection, Research, and Sanctuaries Act provisions restricting the amount of pollutants that can be discharged into the ocean); *California v. Sierra Club,* 451 U.S. 287, 101 S.Ct. 1775, 1781, 68 L.Ed.2d 101 (1981) (no implied private right of action under Rivers and Harbors Appreciation Act which proscribes creation of any obstruction not authorized by Congress in navigable waters); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 569, 99 S.Ct. 2479, 2486, 61 L.Ed.2d 82 (1979) (no implied private cause of action under section 17(b) of the Securities Exchange Act of 1934 which requires broker-dealers to keep records and files prescribed by the SEC).

haps may touch on areas traditionally regulated by state law is no reason to infer that Congress did not intend to create a private remedy for violations of section 1674.

For these reasons, I would hold that a private right of action can be implied under section 1674.