**John SMEYRES, Plaintiff-Appellant,**

v.

**GENERAL MOTORS CORPORATION; General Motors Acceptance Corporation; and Family Pontiac, Inc., Defendants-Appellees.**

No. 86–3524.

United States Court of Appeals, Sixth Circuit.

June 2, 1987.

---

Donald C. Steiner, Canton, Ohio, Gary Rosenblithe, Massillon, Ohio, for plaintiff-appellant.

John P. Van Abel, Gerald P. Leb, Amerman, Burt & Jones, Canton, Ohio, for Family Pontiac.

John M. Newman, Jr., John W. Edwards, II, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for defendants-appellees.

Before ENGEL, JONES and BOGGS, Circuit Judges.

PER CURIAM.

Plaintiff appeals from a judgment of the United States District Court for the Northern District of Ohio dismissing his action brought under the Consumer Credit Protection Act, 15 U.S.C. § 1664.

Plaintiff alleges that he bought a 1985 General Motors car and that in doing so he relied on advertising that 7.7% financing was available for 1985 GM cars. Plaintiff was denied this financing program because the car he bought was assembled in Canada. Plaintiff was therefore required to obtain more expensive financing through a bank and brought this action to recover the amount of interest that he had paid in excess of 7.7%.

The sole issue in this case is whether there is an implied private remedy for violations of 15 U.S.C. § 1664 (1982 & Supp. 1985) and a regulation implementing that section, 12 C.F.R. § 226.24(a) (1986). The statute requires advertisements for consumer credit to include certain disclosures:

> If any advertisement to which this section applies states the amount of the downpayment, if any, the amount of any installment payment, the dollar amount of any finance charge, or the number of installments or the period of repayment, then the advertisement shall state all of the following items:
> (1) The downpayment, if any.
> (2) The terms of repayment.
> (3) The rate of the finance charge expressed as an annual percentage rate.

15 U.S.C. § 1664(d). The regulation states, "If an advertisement for credit states specific credit terms, it shall state only those terms that actually are or will be arranged or offered by the creditor."

15 U.S.C. § 1640 explicitly provides a private remedy for violations of Parts B, D, and E of Subchapter I of the Consumer Credit Protection Act. Because section 1640 does not mention Part C of Subchapter I, the district court read section 1640 as indicating a congressional intent to preclude private suits under Part C. Section 1664, which plaintiff relies on, is in Part C.

Section 1665 of the Act relieves advertising media from liability for advertisements that violate Part C. According to plaintiff this implies that anyone other than an advertising medium is subject to civil liability for violations of Part C. The district court rejected this argument on the ground that the liability referred to in section 1665 is the criminal liability imposed under section 1611.

Next, plaintiff urges the court to follow *Stewart v. Travelers Corp.*, 503 F.2d 108 (9th Cir.1974), which found an implied private remedy for violations of section 1674 of the Act. Section 1674(a), which is in Subchapter II, provides: "No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebted-

ness." The district court held that *Stewart* is inapplicable to this case, because Subchapter II contains no explicit private-remedy provision like section 1640 in Subchapter I.

Finally, plaintiff argues under *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), that he has an implied remedy because he is one of the class for whose special benefit section 1664 was enacted. The district court rejected this view of the purpose of the legislation.

On all the issues described above, we adopt the reasoning of Judge David D. Dowd, Jr., which is explained in more detail in *Smeyres v. General Motors Corp.,* filed May 6, 1986 and reported at 660 F.Supp. 31 (N.D.Ohio 1987). Therefore, the judgment of the district court is AFFIRMED.