828 F.2d 19
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary CALHOUN and William T. Legg, Plaintiffs-Appellants,
v.
EVERGREEN INTERNATIONAL AIRLINES, INC., Defendant-Appellee.
 No. 86-6222.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1987.
 
 Before CORNELIA G. KENNEDY, MILBURN and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs Gary Calhoun and William T. Legg appeal the judgment of the district court dismissing their action alleging that defendant Evergreen International Airlines, Inc. wrongfully discharged plaintiffs "because of their support and collective association with a labor representative." Complaint p 2. Because the district court erred in holding that the proper forum in which plaintiffs must seek relief is the National Railroad Adjustment Board, we reverse and remand.
 
 I.
 
 2
 Plaintiffs filed this action in the Circuit Court of Jefferson County, Louisville, Kentucky. The relevant allegations in the complaint are as follows:
 
 
 3
 On April 25, 1986 Defendant discharged the Plaintiffs because of their support and collective association with a labor representative.
 
 
 4
 The discharge of the Plaintiffs was in violation of public policy of the Commonwealth of Kentucky and of the United States of America.
 
 
 5
 Complaint ps 2, 3. Plaintiffs alleged entitlement to compensatory damages for lost wages and employment benefits as well as punitive damages due to the allegedly intentional, willful, and malicious nature of defendant's actions.
 
 
 6
 Defendant caused the action to be removed to federal district court on the basis of diversity jurisdiction. Following the filing of its answer, defendant moved for judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure. Defendant argued that plaintiffs' complaint failed to state a claim upon which relief can be granted because "their claim for wrongful discharge under state law is preempted by the Railway Labor Act, Section 2, Third and Fourth, 45 U.S.C. Sec. 152, Third and Fourth." Joint Appendix at 34. Attached to the motion was a finding by the National Mediation Board that defendant is subject to the Railway Labor Act ("RLA") by virtue of its activities as "a common carrier by air within the meaning of Section 201 of the Railway Labor Act." Joint Appendix at 38; Evergreen International Airlines, Inc., CJ-4617 (NMB October 4, 1978).
 
 
 7
 In its Memorandum Opinion, the district court first noted that "[a]s to the claim of violation of the public policy of the United States, that policy is set forth in Title 45 U.S.C. Sec. 151a." Joint Appendix at 5. Relying on Andrews v. Louisville & Nashville R.R., 406 U.S. 320 (1972), and Minehart v. Louisville & Nashville R.R., 731 F.2d 342 (6th Cir.1984) (per curiam), the district court concluded that the RLA preempts "any state statute treating employment practices as they relate to persons and entities subject to the Act." Joint Appendix at 7. Accordingly, the district court determined that plaintiffs' state law claim must be dismissed.
 
 
 8
 The district court next addressed "plaintiffs' argument that a civil remedy for reinstatement and damages is available to them in this Court since they are not members of a collective bargaining unit." Joint Appendix at 8.[1] Relying on Stepanischen v. Merchants Despatch Transportation Corp., 722 F.2d 922 (1st Cir.1983), the district court rejected plaintiffs' reliance on Burke v. Compania Mexicana de Aviacion S.A., 433 F.2d 1031 (9th Cir.1970), and concluded that the proper forum for plaintiffs to seek relief is the National Railroad Adjustment Board ("NRAB"). This timely appeal followed.
 
 II.
 
 9
 The district court's disposition of plaintiffs' state law claim needs no discussion as plaintiffs have abandoned this claim:
 
 
 10
 The District Court's ruling that the Plaintiff's [sic] state court claim has been preempted by the Railway Labor Act has not been placed in issue before this Court. The District Court's Decision that, under the Railway Labor Act, the Plaintiff must first proceed before the National Railway Adjustment Board is the only issue being presented by the Plaintiff.
 
 
 11
 Reply Brief for Plaintiffs-Appellants at 3.
 
 
 12
 In determining that plaintiffs must present their claim to the NRAB, the district court first noted that plaintiffs relied on the Ninth Circuit's decision in Burke. In Burke, the issue presented was "whether an employee alleging wrongful discharge in violation of section 2 (Fourth) of the [RLA], and who is not represented by a union, may bring suit in his own name against his employer seeking reinstatement and damages." 433 F.2d at 1031-32. The court held that such an employee may bring an action under the RLA:
 
 
 13
 To hold, in this case, that Burke may not bring suit for a violation of section 2 (Fourth) would leave a gap in the enforcement of that section which would blunt the effectiveness of the congressional purpose. So long as a carrier's interference with its employees' right to freely organize were swift and forceful enough to prevent organization of a union altogether or to coerce employees into joining a company dominated union, the carrier would have acted with impunity. There would be no union, or at least none willing, to press the employees' claim. In Burke's case this is precisely what happened. He was discharged before he was able to extend union coverage to his unit. Thus he is not a member of the union, and the union has no duty or desire to represent him. If Burke cannot sue to enforce the Act, no one can. Such a result is inconsistent with Congress' concern that section 2 (Fourth) be backed by adequate penalties and could not have been intended.
 
 
 14
 433 F.2d at 1033 (footnote omitted).
 
 
 15
 In the present case, the district court noted that the reasoning in Burke had been called into question in Stepanischen, supra.[2] The district court further observed that despite its criticisms of Burke, the Stepanischen court nonetheless concluded that the RLA provides a private right of action to nonunion railway employees against an employer that discharges an employee for organizing activities. See Joint Appendix at 9; Stepanischen, 722 F.2d at 927. The district court then stated: "This Court concludes that Stepanischen is sound and that its rejection of Burke 's freely created civil remedies leads inescapably to the conclusion that the provisions of Title 45 U.S.C. Sec. 153, First, mandate that the proper forum in which plaintiffs must seek relief is the National Railroad Adjustment Board." Joint Appendix at 10.
 
 
 16
 In our view, the district court misapprehended the Stepanischen opinion. Therein, the First Circuit initially noted "that every appellate court and every district court but one that has addressed the issue has found that an implied private right of action exists under Section 2 Fourth." 722 F.2d at 924 (citing, among other cases, Adams v. Federal Express Corp., 547 F.2d 319, 321 (6th Cir.1976), cert. denied, 431 U.S. 915 (1977)). The court noted, however, that subsequent to the leading opinion in Burke, the Supreme Court's decisions in Cort v. Ash, 422 U.S. 66 (1975), and Cannon v. University of Chicago, 441 U.S. 677 (1979), had refined the test for determining whether Congress intended that an implied right of action arise under a statute. Applying that test, the Stepanischen court concluded, and we agree, that the holding in Burke "remains correct." 722 F.2d at 925.
 
 
 17
 First, Congress enacted the statute for the benefit of a special class (carrier employees engaged in organizing activities) of which the plaintiff is a member. Id. at 925-26. Second, the legislative history indicates "that the Congress that enacted Section 2 in 1934 apparently envisioned that Section 2 would be enforceable by private plaintiffs in federal court." Id. at 926. Finally,
 
 
 18
 Application of the third and fourth Cort factors also indicates the Congress meant to imply a right of action under Section 2 Fourth. Implying a right of action for employees who allege that they have been discharged for organizing activity is not only consistent with the underlying purposes of the Railway Labor Act, it appears in practice to have been the primary mechanism for implementing the goals of the Act.... Moreover, we doubt that Congress intended to confine the remedy of a Section 2 Fourth violation to imprisoning employers, without providing illegally discharged employees with reinstatement and back pay.
 
 
 19
 The fourth inquiry under Cort is whether implying a federal remedy would intrude upon subject matter traditionally relegated to state law. Congress has, pursuant to its commerce power, made the area of railway labor relations an important topic of federal concern. Congress intended an industry-wide, and therefore nationwide, scheme for avoiding any interruptions to commerce caused by labor disputes between rail carriers and their employees.... Nearly a century of evolving congressional regulation of railway labor relations, ... refutes any claim that this is an area traditionally left to state law.
 
 
 20
 Our examination of the legislative intent of Section 2 Fourth of the Railway Labor Act, as illuminated by the four Cort factors, leads us to affirm the district court's holding that Congress intended the Act to provide non-union railway employees, such as Stepanischen, with a cause of action against an employer that discharged an employee for organizing activities.
 
 
 21
 Id. at 927 (citations omitted).
 
 
 22
 The puzzling aspect of the district court's holding in the present case is that the Stepanischen court mentioned the NRAB only once, when it observed that Stepanischen's claim filed with the NRAB was dismissed based on the Board's holding that it lacked jurisdiction over a claim by an employee who was not part of an organized collective bargaining unit. See 722 F.2d at 932 n. 3 (citing 45 U.S.C. Sec. 153, First, the same statute cited by the district court in the present case). In so holding, the NRAB properly limited its jurisdiction to "disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements...." 45 U.S.C. Sec. 153, First (i) (emphasis supplied). See also Brotherhood of R.R. Trainmen v. Howard, 343 U.S. 768, 774 (1952) ("no adequate administrative remedy can be afforded by the [NRAB because the] claims here cannot be resolved by interpretation of a bargaining agreement"); Robinson v. Pan American World Airways, Inc., 777 F.2d 84, 86 (2d Cir.1985) ("Unlike the [National Labor Relations Act], however, the RLA does not establish any administrative mechanism for considering unfair labor practice charges brought by individual employees."). Because the NRAB lacks jurisdiction to consider a claim not arising out of a grievance, the district court erred in holding that plaintiffs must proceed in that forum.
 
 
 23
 Defendant agrees that the district court so erred, but continues to press its argument, never ruled on below, that the complaint is deficient because it does not provide fair notice of an RLA claim. Rule 8(a), Federal Rules of Civil Procedure, provides that the complaint "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint "need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided. However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." 5 C. Wright and A. Miller, Federal Practice and Procedure Sec. 1216, at 120-23 (1969) (footnotes omitted). In our view, plaintiffs' complaint fails to meet this standard.
 
 
 24
 The "material points" necessary to sustain a recovery under section 2, Fourth, of the RLA, 45 U.S.C. Sec. 152, Fourth, are (1) that the defendant is a "carrier" and that the plaintiff is an "employee" as defined by the statute, see 45 U.S.C. Sec. 151 First, Fifth; and (2) that the defendant took some action in violation of the plaintiffs' rights under the RLA "to organize and bargain collectively through representatives of their own choosing." 45 U.S.C. Sec. 152, Fourth. Although the RLA is not mentioned in plaintiffs' complaint, the allegation that defendant discharged plaintiffs "because of their support and collective association with a labor representative," arguably satisfies the second element set forth above. However, plaintiffs' complaint contains no allegations "from which an inference fairly may be drawn that evidence on [the parties' status under the RLA] will be introduced at trial." 5 C. Wright and A. Miller, supra, Sec. 1216, at 123. Accordingly, plaintiffs' complaint does not give fair notice of an RLA claim.
 
 
 25
 Defendant argues that we should not allow plaintiffs to amend their complaint because "[w]here, although given an opportunity to amend, the pleader has stood upon his pleading and appealed from a judgment of dismissal, amendment will not normally be permitted either in the appellate court, or in the trial court if the order of dismissal is affirmed." 3 J. Moore, Moore's Federal Practice p 15.11, at 15-109 (1985). Although we accept this as a general proposition of law, the rule is not mandatory:
 
 
 26
 [The] contention that [appellant] had no right to amend because she elected to stand on her complaint and lost on appeal is without merit. Amendment in either the appellate or trial court is generally not allowed in such situations ... as a contrary rule would in effect allow interlocutory appeals.... However, an amendment can be allowed with leave of the Court of Appeals.... This may be accomplished either by the appellate court itself granting leave to amend or by remanding to the District Court to consider the motion....
 
 
 27
 Cohen v. Illinois Institute of Technology, 581 F.2d 658, 662 (7th Cir.1978), cert. denied, 439 U.S. 1135 (1979).
 
 
 28
 Two factors lead us to conclude that plaintiffs should be given leave to amend. First, the district court did not hold that plaintiffs' complaint failed to give fair notice of an RLA claim. Rather, the court determined that the proper forum for plaintiffs' claim was the NRAB. An amendment, therefore, presumably would not have altered the court's ultimate decision. Second, although plaintiffs' complaint is deficient, the record makes clear that defendant was in fact aware, and even conceded, that plaintiffs could maintain a cause of action under the RLA.[3] Defendant was not, therefore, prejudiced in its ability to defend the action by plaintiffs' deficient complaint.
 
 
 29
 However, we do find merit in defendant's suggestion that given its position in the district court that a private right of action under the RLA can be maintained in federal court, but that plaintiffs had failed to plead such an action, amendment might have obviated the need for disposition of the Rule 12(c) motion and this ensuing appeal. Accordingly, we will exercise our discretion under Rule 39(a), Federal Rules of Appellate Procedure, and tax costs against plaintiffs. See, e.g., Rural Housing Alliance v. United States Department of Agriculture, 511 F.2d 1347, 1349 (D.C.Cir.1974) ("equitable considerations" should guide the court's determination of whether to exercise its options under Rule 39(a)).
 
 III.
 
 30
 In sum, the district court's dismissal of plaintiffs' state law claim is AFFIRMED, the dismissal of plaintiffs' federal claim is AFFIRMED without prejudice, and this action is REMANDED to the district court with instructions that plaintiffs be given leave to file an amended complaint. Costs will be taxed against plaintiffs-appellants.
 
 
 
 [1]
 It is unclear why the district court addressed this argument given the statement in Defendant's Reply to Plaintiffs' Response to Motion to Dismiss that "[i]t is undisputed that an employee discharged for supporting a union can bring an action in federal court for violation of the RLA." Joint Appendix at 61. The district court never addressed defendant's argument, which was that plaintiffs' complaint does not state a violation of the RLA
 
 
 [2]
 The Stepanischen court agreed with the post-Burke decisions in Le Vick v. Skaggs Companies, 701 F.2d 777 (9th Cir.1983), and McCabe v. City of Eureka, 664 F.2d 680 (8th Cir.1981), "that the reasoning of Burke is incorrect in permitting courts freely to create civil remedies to further a congressional purpose." 722 F.2d at 925 n. 1
 
 
 [3]
 Indeed, defendant filed with its motion for judgment on the pleadings a document establishing that it is a carrier within the meaning of the RLA. See Joint Appendix at 38