# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1058

_____

Gregory T. Colbert,           *
                                            *

             Appellant,        *

                                            *        Appeal from the United States

      v.                             *        District Court for the

                                            *        Western District of Missouri.

Steve Roling; Gary Bailey;      *

Cindy Lech,                       *        [UNPUBLISHED]

                                            *

             Appellees.        *

_____

Submitted: February 16, 2007
Filed: May 14, 2007

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

Gregory T. Colbert brought a federal suit against the named officials of the Division of Child Support Enforcement of the Department of Social Services for the State of Missouri, alleging that they issued an income-withholding order against his wages that garnished more of his earnings than permissible under 15 U.S.C. § 1673(c) and Mo. Rev. Stat. § 454.505. Colbert brought this action under: (1) 42 U.S.C. § 1983, arguing that he had an individual federal right under Title IV-D of the Social Security Act, 42 U.S.C. §§ 651 et seq.; and (2) the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 et seq., alleging that he had an implied private right of action under

§ 1673.  The district court[1] dismissed the case for lack of subject matter jurisdiction, and Colbert appeals.  We affirm.

We review a district court's dismissal for lack of subject matter jurisdiction de novo.  *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006).  In order for a plaintiff to bring an action under § 1983, he "must assert the violation of a federal *right*, not merely a violation of federal *law*."  *Blessing v. Freestone*, 520 U.S. 329, 340 (1997).  A statute provides a federal right if: (1) Congress "intended that the provision in question benefit the plaintiff;" (2) "the right assertedly protected by the statute is not so 'vague and amorphous' that its enforcement would strain judicial competence;" and (3) the statute in question "unambiguously impose[s] a binding obligation on the States."  *Id.* at 340-41.  In *Blessing*, the Supreme Court used these factors to determine that Title IV-D, as an undifferentiated whole, does not give rise to individual federal rights.  *Id.* at 342-45.  While the Supreme Court stated that its holding did not "foreclose the possibility that some provisions of Title IV-D give rise to individual rights," it did emphasize the need for the plaintiff to allege that a specific provision of Title IV-D provides a particular individual federal right.  *Id.* at 345-46.  The Supreme Court again stated that a violation of a federal right was necessary for a § 1983 claim in *Gonzaga University v. Doe*, 536 U.S. 273, 283 (2002).  In *Gonzaga*, the Supreme Court held that certain statutory provisions did not confer an individual federal right because the provisions spoke "in terms of institutional policy and practice," had an "aggregate focus," and were not "concerned with whether the needs of any particular person ha[d] been satisfied."  *Id.* at 288 (internal quotation omitted).

Colbert argues that he has a § 1983 claim based on his federal rights arising from Title IV-D.  However, we agree with the district court that he has not identified

[1]The Honorable John T. Maughmer, then Chief United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for decision by the consent of the parties pursuant to 28 U.S.C. § 636(c).

any particular individual federal right provided for under a specific provision of Title IV-D. Similar to the plaintiff in *Blessing*, Colbert vaguely asserts that the named officials violated his rights under Title IV-D. While he does mention the state's duties under § 654(20)(A)-(B),[2] that statutory provision does not establish an individual federal right under the *Blessing* factors. Furthermore, § 654(20)(A)-(B) only has an "aggregate focus" and is not concerned with the individual interests of Colbert. *See Gonzaga*, 536 U.S. at 287-88. Therefore, since Colbert has not "identif[ied] with particularity the rights [he] claimed," *Blessing*, 520 U.S. at 342, and the one provision he does mention does not focus on the individual interests of Colbert, *Gonzaga*, 536 U.S. at 288, he cannot bring a § 1983 claim based on an individual federal right under Title IV-D.

Colbert also argues that the named officials violated his right to an administrative order under Mo. Rev. Stat. §§ 454.475 and 454.505. However, "a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." *Collins v. Bellinghausen*, 153 F.3d 591, 596 (8th Cir. 1998) (quoting *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993)). Therefore, the alleged state law violations do not support a § 1983 claim.[3]

---

[2]42 U.S.C. § 654(20)(A)-(B) states:

> A State plan for child and spousal support must provide, to the extent required by [section 666 of this title], that the State (A) shall have in effect all of the laws to improve child support enforcement effectiveness which are referred to in that section, and (B) shall implement the procedures which are prescribed in or pursuant to such laws.

[3]Colbert also states that his due process rights have been violated. However, he incorrectly links this due process argument to the Eleventh Amendment, and he does not provide any specific support for his position. Therefore, we find that he has waived this argument. *See* Fed. R. App. P. 28(a)(9)(A); *United States v. Pizano*, 421 F.3d 707, 720-21 (8th Cir. 2005), *cert. denied*, 546 U.S. 1204 (2006).

Colbert next argues that he has a private cause of action for the alleged violation of 15 U.S.C. § 1673. We have not directly determined whether there is an implied private right of action under 15 U.S.C. § 1673, a provision of Subchapter II of the Consumer Credit Protection Act. However, we have held that there is no implied private right of action under 15 U.S.C. § 1674(a), another provision of Subchapter II of the Consumer Credit Protection Act. *McCabe v. City of Eureka, Mo.*, 664 F.2d 680, 683 (8th Cir. 1981). In *McCabe*, we noted that while Congress included an express private right of action in Part B of Subchapter I of the Consumer Credit Protection Act, it did not include any reference to a private right of action in Subchapter II. *Id.* at 682. Therefore, we determined that there was no implied private right of action under § 1674(a). *Id.* at 683. Based on this court's distinction between Subchapter I and Subchapter II in *McCabe*, it follows that there is no private right of action under § 1673 as well. The district court properly dismissed Colbert's action for the alleged violation of § 1673.

Accordingly, we affirm the judgment of the district court.

_____