**Renique E. IRVIN Plaintiff,**

v.

**BOROUGH OF DARBY,
et al., Defendants.**

No. 96–CV–4821.

United States District Court,
E.D. Pennsylvania.

Sept. 9, 1996.

---

Peter P. Barnett, Barnett & Barnett, P.C., Havertown, PA, for Plaintiff.

William F. Holsten, II, Andrew J. Bellwoar, Holsten & White, Media, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, Judge.

Plaintiff Renique E. Irvin ("Irvin") has brought this federal question action pursuant to 28 U.S.C. § 1331 against Defendants Borough of Darby, Darby Borough Police Department, ("Darby Police"), and Police Officers Collins, Kramer and Silberstein, under 42 U.S.C. § 1983 ("section 1983"). Plaintiff also asserts pendent tort claims.

In her complaint, plaintiff alleges false arrest, wrongful imprisonment, malicious prosecution, conspiracy, deceit, intentional violation of civil rights and defamation on the part of defendants. In response, defendants have jointly moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, for a more definite statement, pursuant to Fed.R.Civ.P. 12(e).

## BACKGROUND

Plaintiff Irvin is a black, female employee of the Southeastern Pennsylvania Transportation Authority ("SEPTA"). In her complaint, Irvin alleges that on January 1, 1996, during the course of her employment, while operating a SEPTA trolley, a Darby police car approached suddenly and without warning, pulled in front of the moving SEPTA trolley. The plaintiff further alleges that she triggered an emergency stop to avoid hitting the police vehicle. The emergency stop caused the trolley's horn to sound and at that point, one of the Darby police officers, becoming enraged, jumped out of the police car and began banging on the SEPTA driver's window. The officer then began to yell profanities and epithets at plaintiff and told her that she was under arrest for sounding her horn. She was then ordered to get off the trolley. Plaintiff refused to comply with the police officer's request and stated that SEPTA policy required her to stay on the trolley until a supervisor arrived on the scene. Plaintiff further alleges that it took twenty minutes for her supervisor to arrive and that during that time, the officer continued to abuse and threaten her.

Once the supervisor arrived, plaintiff was taken to the police station where she was charged with disorderly conduct and later

released into the custody of a SEPTA supervisor. Plaintiff also alleges that during her detention at the police station, racial slurs were continuously made by the arresting police officer.

On May 20, 1996 a warrant was issued for plaintiff's arrest and she appeared in Court and posted a bond for her release. Plaintiff was scheduled for trial on August 1, 1996 at the Darby Borough District Court.

The complaint contains two counts. The first count alleges that defendants were negligent and reckless in their arrest and prosecution of plaintiff and that as a result, plaintiff suffered, and continues to suffer, emotional and physical distress, humiliation, and embarrassment. Plaintiff also alleges that she was defamed. She seeks damages in excess of one hundred thousand dollars, including attorney's fees, interest, and costs.

The second count of the complaint alleges that plaintiff's arrest and prosecution were motivated by racial and gender-based animus in violation of her civil rights, and that the Darby government and police have a long history of racial and sexual discrimination which has been officially condoned. With regard to this count, plaintiff seeks compensatory and punitive damages for emotional and physical distress, humiliation, embarrassment and defamation.

Defendants' first motion is to dismiss plaintiff's complaint and they make several arguments in support of this motion.

Defendants first argue that plaintiff's section 1983 claims should be dismissed because (a) section 1983 liability cannot be imposed on a municipal agency (b) allegations of negligence alone are insufficient for a section 1983 claim (c) plaintiff's false arrest claim under section 1983 is premature (d) plaintiff's malicious prosecution claim under section 1983 requires plaintiff to prove a favorable termination of the criminal proceeding against her and (e) punitive damages may not be assessed against a municipal defendant under section 1983. In addition, defendants also argue that plaintiff's pendent tort claims should be dismissed because defendants are immune from liability under Pennsylvania statutory law.

In the alternative, defendants' second motion is for a more definite statement. In particular, defendants request that plaintiff identify the arresting officer who allegedly committed the misconduct described in the complaint, and that plaintiff describe any alleged misconduct on the part of the other two officers. Both of defendant's motions are resolved in this memorandum.

## DISCUSSION

### I. MOTION TO DISMISS

When considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint's allegations must be construed in the light most favorable to the plaintiff. The court must accept as true all of the plaintiff's factual allegations and draw all reasonable inferences from them. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991). Thus, the court will grant a Rule 12(b)(6) motion only if the facts and reasonable inferences therefrom are legally insufficient and it is clear that the plaintiff cannot prove any facts upon which relief could be granted. *Commonwealth ex. Rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 175 (3d Cir.1988). The court will apply this standard to each of the claims discussed below.

#### 1. Section 1983 Claims

With respect to plaintiff's section 1983 claims, defendants make five arguments. First, defendants claim that the Darby Police must be dismissed from this action since municipal agencies cannot be sued under section 1983. Second, defendants claim that Count I must be dismissed in its entirety because there is no liability under section 1983 for negligence. Third, defendants claim that plaintiff's false arrest claim is premature. Fourth, defendants argue that plaintiff must wait until the criminal charges against her have terminated in her favor before she may bring a claim for malicious prosecution. Finally, defendants request that claims for punitive damages be dismissed against the municipal defendants. For the reasons discussed below, defendant's motion is granted in part and denied in part.

a. *Applicability of Section 1983 to the Darby Police Department*

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C.A. § 1983 (West 1994).

■■■ Actions taken by an officer in his or her official capacity are deemed to have occurred "under color of law" even if they violate state law and are not in furtherance of state policy. *Monroe v. Pape*, 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961). Furthermore, local governments and agencies may be sued for their own section 1983 violations if their policies violate a plaintiff's constitutional or federal rights. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Alexander v. Polk* 459 F.Supp. 883, 890 (E.D.Pa.1978). However, cases have held that police departments cannot be sued in conjunction with the municipality in section 1983 actions since the police department is merely an arm of the local municipality. *See Johnson v. City of Erie, Pennsylvania*, 834 F.Supp 873, 878 (W.D.Pa.1993); *Agresta v. City of Philadelphia*, 694 F.Supp. 117, 118 (E.D.Pa.1988).

Applying this to the facts presented, plaintiff may not assert a section 1983 claim against both defendants Darby Police and the Borough of Darby since Darby Police is an arm of the Borough of Darby. Defendant's motion to dismiss Darby Police is therefore granted.

b. *Section 1983 Negligence Claims*

Defendants next argue that negligence alone is an insufficient ground for asserting a claim under section 1983, and that since Count I of plaintiff's complaint is entitled "Negligence," that count should be dismissed in its entirety. For the reasons discussed below, defendants' motion is granted in part and denied in part.

■■■ Defendants are correct in asserting that proof of negligence alone is insufficient to impose liability under section 1983. *Davidson v. Cannon*, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986); *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). Yet, in Count I of plaintiff's complaint, plaintiff alleges that defendants were both negligent and reckless in their conduct. The Supreme Court did not address, either in *Cannon* or *Williams*, whether allegations of recklessness would be sufficient to impose liability under section 1983.

Nevertheless, in a subsequent case, the Third Circuit held allegations of recklessness against the defendant prison officials sufficient to state a claim under section 1983. *Colburn v. Upper Darby Township*, 838 F.2d 663, 668 (3d Cir.1988). The court did emphasize in *Colburn* that prisoners, by virtue of their custody, are in a special relationship with custodial authorities. The court further noted that that situation is different from the relationship between custodial officials and the general public. *Id.* Yet in a later case, the Third Circuit noted that even though the Supreme Court has not addressed whether allegations of recklessness or gross negligence is enough to state a claim under section 1983, the *Colburn* case was to be read as an affirmation by the Third Circuit that recklessness may be actionable under section 1983. *Metzger v. Osbeck*, 841 F.2d 518, 520 n. 1 (3d Cir.1988).

Applying these principles to this case, we hold that plaintiff cannot assert a section 1983 claim based on negligence alone. Nevertheless, in light of the Third Circuit's willingness to allow claims of recklessness under section 1983, we will not dismiss the entire first count of plaintiff's complaint since it alleges reckless conduct on the part of defendants.

c. *False Arrest Claim*

■■■ In her complaint, plaintiff asserts claims of false arrest against all defendants.

Defendants have responded by stating that a conviction on the criminal charges pending against plaintiff would be a complete defense to charges of false arrest. Defendant's motion is denied for the reasons stated below.

■ The Third Circuit has ruled that favorable termination is not an element of a section 1983 false arrest claim, holding instead that a false arrest claim accrues on the date of arrest, since the constitutional violation occurs when the false arrest occurs. *Rose v. Bartle,* 871 F.2d 331, 351 (3d Cir. 1989). Furthermore, the *Bartle* court distinguished proof of a conviction, which it stated is an affirmative defense to be made by defendants in a false arrest claim, from proof of a favorable termination, which is an element of plaintiff's claim in a malicious prosecution cause of action (discussed below). *Id.*

Therefore, plaintiff need not allege that a criminal proceeding was terminated in her favor in order to assert her false arrest claim, and thus this cause of action withstands defendants' motion to dismiss.

### d. *Malicious Prosecution Claim*

■ Defendants claim that plaintiff must allege that a criminal proceeding was terminated in her favor in order to claim a cause of action for malicious prosecution, and therefore that plaintiff's claim must be dismissed. For the reasons discussed below, defendants motion is granted.

■ In order to assert a section 1983 action for malicious prosecution, plaintiff must show that (i) defendant initiated a criminal proceeding (ii) the proceeding terminated in plaintiff's favor (iii) the proceeding was initiated without probable cause and (iv) the defendant acted maliciously or for a purpose other than in the interest of justice. *Bartle,* 871 F.2d at 349.

Plaintiff cannot meet the second requirement in the four part test delineated above since plaintiff has not yet been prosecuted. Plaintiff's claim of malicious prosecution is therefore dismissed without prejudice pending the outcome of the criminal case against her.

### 5. *Punitive Damages Claim*

In the second count of her complaint, plaintiff seeks punitive damages against all three defendants, but has not indicated whether she seeks these damages under state or federal law. Defendants have moved to dismiss plaintiff's claims for punitive damages under section 1983 against the municipal defendant. Plaintiff has not responded to this aspect of defendant's motion in her reply brief. Nevertheless, we have ruled on defendant's motion to dismiss the claim for punitive damages under section 1983 and it is granted in accordance with the discussion below.

■ The Supreme Court has held that municipalities are not subject to punitive damages claims under section 1983. *City of Newport et. al., v. Fact Concerts,* 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981). The Third Circuit and district courts in this circuit have generally followed this ruling. *See e.g., Genty v. Resolution Trust Corp.,* 937 F.2d 899, 910 (3d Cir.1991). Therefore, plaintiff cannot recover punitive damages against Borough of Darby since it is a municipality. Defendants motion is therefore granted and punitive damages may not be assessed against the municipal defendant.

### 2. *Pendent Tort Claims*

Plaintiff also asserts pendent tort claims against all defendants. Defendants in turn claim that they are immune from suit under Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa.Cons.Stat.Ann §§ 8541 *et. seq.,* which grants immunity to local agencies and their employees. For the reasons discussed below, defendants motion is granted in part and denied in part.

■ Section 8541 of the PSTCA immunizes local agencies for damages to any person caused by an act of the agency or an employee of the agency. Section 8542 of the PSTCA provides an exception if the liability was incurred because of negligence, the cause of action arose from acts that would normally expose the actor to liability under statutory or common law, and the act falls under any one of eight enumerated categories: (1) vehicle liability, (2) the care, custody

or control of personal property, (3) real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks and (8) the care, custody or control of animals. Section 8545 of the PSTCA extends the immunity afforded to the agencies to their employees when acting in the scope of employment. Finally, section 8550 of the PSTCA withdraws the immunity afforded to the employee under section 8545 if the actions alleged were performed willfully. *Buskirk v. Seiple* 560 F.Supp. 247, 252 (E.D.Pa.1983).

In accordance with the discussion above, plaintiff may not assert a state tort claim against defendant Borough of Darby if the claim is based on negligence or recklessness, since section 8541 provides Borough of Darby with general immunity, and plaintiff's claim does not fit within the exceptions listed in section 8542. Furthermore, plaintiff may not assert a claim based on negligence or recklessness against the defendant police officers since section 8545 extends the general immunity granted under section 8541 to employees. Thus, plaintiff can only assert her claim against the defendant police officers for willful conduct, as alleged in Count II of her complaint, under section 8550 of the PSTCA.

## II. *MOTION FOR A MORE DEFINITE STATEMENT*

Throughout the complaint, plaintiff alleges misconduct on the part of the arresting officer but does not identify which of the three officers the allegations refer to, nor does plaintiff allege misconduct on the part of the other two officers. Defendants therefore request a more definite statement identifying the arresting officer and any alleged misconduct on the part of the other two police officers. For the reasons discussed below, defendants' motion is denied.

Motions for more definite statement will only be granted if the pleading is so vague that a party cannot reasonably respond. *Frazier v. SEPTA,* 868 F.Supp. 757, 763 (E.D.Pa.1994). Such motions are not intended to be used merely as a correction to provide more detail. *Id.* Furthermore, the Supreme Court has specifically ruled that section 1983 actions do not impose a heightened pleading requirement. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 167, 113 S.Ct. 1160, 1162–63, 122 L.Ed.2d 517 (1993). Rather, notice pleading is sufficient in a section 1983 suit against a local government.

Since plaintiff has alleged with considerable detail the events on the date of the alleged incident, defendants have enough information with which to frame a responsive pleading. Accordingly, defendants' motion for a more definite statement is denied.

## III. *CONCLUSION*

In light of the discussion above, the defendants' motion to dismiss Irvin's complaint is granted in part and denied in part. (1) The motion to dismiss plaintiff's section 1983 claims against defendant Darby Police is granted. (2) The motion to dismiss plaintiff's allegations of negligence in her section 1983 claim is granted, but the motion to dismiss the entire first count of the complaint is denied to the extent that the first count contains allegations of reckless conduct. (3) The motion to dismiss plaintiff's false arrest claim is denied. (4) The motion to dismiss plaintiff's malicious prosecution claim is granted pending the outcome of her criminal case. (5) The motion to dismiss plaintiff's claims for punitive damages is granted as to defendant Borough of Darby.

With regard to plaintiff's pendent tort claims, the motion to dismiss plaintiff's claims for negligence and recklessness is granted as to all defendants. In addition, the motion to dismiss plaintiff's tort claims which pertain to willful conduct is granted as to defendant Borough of Darby but denied as to Police Officers Collins, Kramer and Silberstein.