**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD LESOON,

 Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

 Respondent-Appellee.

No. 97-9014
(United States Tax Court)
(T.C. No. 309-97)

**ORDER AND JUDGMENT**\*

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

\*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Edward Lesoon, proceeding *pro se*, appeals an order of the tax court dismissing Lesoon's petition for failure to state a claim and sustaining the Commissioner of Internal Revenue's determination of deficiency. Lesoon's petition before the tax court was limited to the following standard tax protestor refrains: (1) "income is corporate profits" and he did not earn any; (2) the federal income tax is voluntary and, as a sovereign individual, he did not choose to pay it; (3) the taxes at issue had not been "assessed" against him; and (4) the tax court was without jurisdiction to determine the amount of any deficiency. In dismissing Lesoon's petition, the tax court stated as follows:

> The petition and amended petition filed in this case do not satisfy the requirements of Rule 34(b)(4) and (5). In short, there is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protestor rhetoric and legalistic gibberish . . . . Under the circumstances, we see no need to catalog petitioner's arguments and painstakingly address them. As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."

Tax Ct. Op. at 2 (citation omitted). In addition, the tax court imposed a sanction of $1000 pursuant to 26 U.S.C. § 6673(a)(1), concluding that Lesoon had instituted the proceeding primarily for the purpose of delay and that his petition contained nothing but frivolous arguments. This court exercises jurisdiction pursuant to 26 U.S.C. § 7482.

This court reviews *de novo* the dismissal of a tax court petition for failure to state a claim upon which relief could be granted. *Fox v. Commissioner*, 969 F.2d 951, 952 (10th Cir. 1992). Upon *de novo* review of the parties briefs and contentions, the tax court's Order of Dismissal, and the entire record on appeal, this court affirms for substantially those reasons set forth in the tax court's Order of Dismissal.

The Commissioner has asked that this court impose sanctions in the amount of $2000 for pursuing this frivolous appeal. Lesoon has had notice and an opportunity to respond to the request for sanctions. *See Braley v. Campbell*, 832 F.2d 1504, 1515 (10th Cir. 1987). Because Lesoon's arguments on appeal are legally frivolous, we impose sanctions against Lesoon in the amount of $1500. *See Caspar v. Commissioner*, 805 F.2d 902, 906 (10th Cir. 1986) (adopting "a rule awarding a flat fee of $1,500 as a sanction for a frivolous appeal from a Tax Court decision").

The judgment of the United States Tax Court is hereby **AFFIRMED**. The Commissioner's Motion for Sanctions is **GRANTED** in the amount of $1500.

Lesoon's frivolous and malicious Motion to Rebuttal and Dismiss Appellee Brief

For Error of Facts is   **DENIED** .

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge