**Warren William STOUCH,
pro se, Plaintiff,**

v.

**WILLIAMSON HOSPITALITY
CORPORATION,
Defendant.**

**No. CIV. A. 98–1256.**

United States District Court,
E.D. Pennsylvania.

Sept. 15, 1998.

Warren William Stouch, Philadelphia, PA, pro se.

Barbara A. O'Connell, Philadelphia, PA, for Defendant.

## MEMORANDUM—ORDER

LOWELL A. REED, Jr., District Judge.

**AND NOW,** this 15th day of September, 1998, upon consideration of the motion by defendant Williamson Hospitality Corporation ("Williamson") to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(f), or 12(e) (Document No. 7), the objections by plaintiff Warren William Stouch ("Stouch") to defendant's motion to dismiss and plaintiff's special answer/response to defendants motion to dismiss (Document No. 8),[1] the reply of the defendant (Document No. 9), and the plaintiff's response thereto (Document No. 10), having found and concluded that:

1. Rule 12(b) of the Federal Rules of Civil Procedure provides that "the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted." In deciding a motion to dismiss under Rule 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

The Federal Rules of Civil Procedure require only notice pleading. *See* Fed.R.Civ.P. 8(a) (providing that pleadings should contain "a short and plain statement of the claim showing that. the pleader is entitled to relief"). A motion to dismiss the complaint for insufficiency of the pleadings should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984);

2. Stouch filed a *pro se* complaint in this Court on March 10, 1998. Even given a liberal reading, as a *pro se* complaint should be given, the complaint contains vague, ambiguous, and generally incomprehensible allegations. The main thrust of the allegations of Stouch's complaint in Count I and II, as best as this Court can decipher, boil down to this: Stouch brings a claim in his complaint under 42 U.S.C. § 1983, alleging that the defendant, his prior employer, violated his constitutional rights by withholding excessive taxes from his income in violation of 26 U.S.C. §§ 6331(a), 7403, 6303, 6331(d) and 7608(b) and 15 U.S.C. § 1673 and 1674, the Code of Federal Regulations, and the Uniform Commercial Code.[2] (Count I ¶ I and Count II ¶ IV). More specifically, Stouch alleges that Williamson and the Internal Revenue Service "under the color and pretense of the statutes of the United States of America and in conspiracy with the Internal Revenue Service, a United States Federal Contracting Agency" conspired to deprive plaintiff of "his property without substantive due process and in an amount in excess of that percentage of aggregate disposable earnings permitted under federal statute." (Count I ¶¶ V, VII, IX). Stouch further alleges that a "notice of levy" he received from the IRS was improper, and seeks punitive and compensatory damages (Count I ¶ I);

3. Williamson asserts that Stouch does not state a claim under § 1983 upon which relief may be granted because Williamson is not a state actor and Stouch failed to allege a cognizable violation of his constitutional rights;[3]

4. It is not clear from the complaint whether Williamson garnished Stouch's wages or merely withheld federal income tax

---

1. The defendant argues that this Court should not consider this response by the plaintiff as it was untimely filed. However, because the plaintiff is proceeding *pro se* and informed the Court in his surreply that he mistakenly thought he had twenty days to respond to the motion to dismiss, this Court will consider the response of the plaintiff in disposing of this motion.

2. Stouch's citations to Title 26 of the United States Code, the Code of Federal Regulation, and the Uniform Commercial Code are not relevant

to the substance of his allegations against Williamson and do not provide any bases for a claim under § 1983; as such, I will not discuss these provisions in any detail.

3. Alternatively, Williamson moves under Rule 12(f) to strike scandalous matter from the complaint, or under Rule 12(e) to require Stouch to file a more definite statement of any remaining claims.

from his wages.[4] If Williamson properly garnished Stouch's wages or merely withheld federal income tax, Stouch does not have a cause of action under § 1983 as Williamson is not a state actor or acting under color of state law acts when it performs such actions pursuant to its duty under federal or state law nor are such actions a violation of Stouch's constitutional rights. Stouch appears to allege, however, that Williamson improperly and excessively garnished his wages without a judgment against him. Assuming that Williamson improperly garnished Stouch's wages, Stouch's claims fails to state a cause of action as (1) the amount of garnishment was not "excessive" under 15 U.S.C. § 1673(b)(1)(C) as the restriction on the amount of wages that may be garnished provided in § 1673 does not apply to "any debt due for any State or Federal tax," and (2) Williamson is not a state actor nor would it be acting under color of state law in garnishing Stouch's wages. *See Boyle v. Governor's Veterans Outreach & Assistance Center,* 925 F.2d 71, 76 (3d Cir.1991) (noting that to establish state action a plaintiff must establish that "there is a sufficiently close nexus between the state and the challenged action [of the private party] so that the action of the latter may be fairly treated as that of the state itself"). I conclude that Stouch fails to state a claim based on the withholding or garnishment of his wages by Williamson upon which relief may be granted under § 1983 because Stouch can prove no set of facts that would entitle him to relief;

5. In Count I, Stouch also brings a § 1983 claim alleging that Williamson terminated his employment because his wages were being garnished, in violation of 15 U.S.C. § 1674. (Count I ¶ VIIIX). The defendant argues that 15 U.S.C. § 1674, which restricts an employer from discharging an employee because his wages are garnished, does not create a private cause of action, and as such, Stouch's assertions do not state a claim upon which relief may be granted. The defendant did not cite any support for this argument, but this Court's research revealed that while courts have been divided

over the issue of whether 15 U.S.C. § 1674 provides a private cause of action, the majority of circuit courts which have addressed the issue have held that § 1674 does not provide a private cause of action. *See Dole v. Hopple Plastics, Inc.,* 902 F.2d 33, n. 1, 1990 WL 51409 (6th Cir.1990) (citing cases from the 5th, 8th, and 9th Circuits); *Smith v. Cotton Brothers Baking Co.,* 609 F.2d 738 (5th Cir. 1980); *LeVick v. Skaggs Cos., Inc.,* 701 F.2d 777 (9th Cir.1983) (overruling *Stewart v. Travelers Corporation,* 503 F.2d 108 (9th Cir. 1974)). In 15 U.S.C. § 1676, the statute provides that the "Secretary of Labor, acting through the Wage and Hour Division of the Department of Labor, shall enforce the provisions of this subchapter." Given the mechanism provided by Congress for enforcement of this statute in § 1676 and the persuasive reasoning of *Smith* and *LeVick,* supra, I conclude that there is no private cause of action under 15 U.S.C. § 1674. Thus, even if Stouch could prove that Williamson fired him because the garnishment of his wages, Stouch fails to state a claim against Williamson upon which relief may be granted under 15 U.S.C. § 1674 in Count I;

6. Williamson asserts in its reply that Stouch attempts to allege a violation of 42 U.S.C. § 1986 for the first time in his response to the motion to dismiss and that Stouch did not allege a claim under § 1986 in the complaint. However, Stouch alleges in the complaint that the defendant and the IRS conspired together, and because Stouch is proceeding *pro se,* his complaint could be liberally construed to allege a claim under § 1986. Section 1986 provides a cause of action against persons who fail to prevent a conspiracy which is actionable under § 1985. Thus, unless a plaintiff has a claim under § 1985, he cannot pursue a claim under § 1986. *See Sambrick v. Borough of Norristown,* 639 F.Supp. 1351, 1354 (E.D.Pa.1986). In order to plead a conspiracy under § 1985, "there must be some racial, or perhaps other class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct.

---

4. Williamson claims that on June 23, 1997, the president of Williamson, James J. Osborne, withheld federal income taxes from Stouch's wages

after the Internal Revenue Service rejected Stouch's attempted W–4 claim for exemption from federal income taxes.

1790, 29 L.Ed.2d 338 (1971). As Stouch does not allege any racial or class-based discrimination behind the alleged conspiracy between the IRS and Williamson, his allegations do not state a cause of action under § 1985, and consequently they do not state a cause of action under § 1986;

7. Further, this Court concludes that it lacks jurisdiction over the balance of Stouch's allegations or attempted claims in the complaint because they are wholly insubstantial and frivolous, and the allegations are so incomprehensible and filled with "tax protestor rhetoric and legalistic gibberish"[5] that they do not state a cause of action. *See Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (noting that federal courts lack power to entertain claims at are "so attenuated and unsubstantial as to be absolutely devoid of merit");

it is hereby accordingly **ORDERED** that the motion to dismiss the complaint under Rule 12(b)(6) is **GRANTED** and plaintiff's complaint is **DISMISSED.**

This is a final Order.

---

**5.** *Lesoon v. Commissioner of Internal Revenue,* 141 F.3d 1185, No. 97–9014, 1998 WL 166114, *1 (10th Cir.).