Donna TOTH, Plaintiff,

v.

**BRISTOL TOWNSHIP, a/k/a The Township of Bristol, Bristol Township Police Department, and Police Officer Anthony DeSilva, Defendants.**

Civil Action No. 01–2832.

United States District Court,
E.D. Pennsylvania.

Aug. 13, 2002.

John F.X. Fenerty, Jr., Law Offices of Baratta & Fenerty, Huntingdon Valley, PA, for plaintiff.

Ronald S. Collins, Jr., Wright & O'Donnell, P.C., Conshohocken, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is the Motion to Dismiss of Defendants, Bristol Township, a/k/a the Township of Bristol (the "Township"), Bristol Township Police Department (the "Police Department"), and Police Officer Anthony DeSilva ("DeSilva"). Plaintiff, Donna Toth ("Plaintiff"), filed her initial complaint in this action on June 8, 2001. Plaintiff's complaint alleges the following claims: civil rights violation of the Fourth and Fourteenth Amendments, under 42 U.S.C. §§ 1981–1988, the Pennsylvania Constitution and state laws against DeSilva in his use of handcuffs on Plaintiff; civil rights violations of the Fourth and Fourteenth Amendments, under 42 U.S.C. §§ 1981–1988, the Pennsylvania Constitution and state laws against the Township and Police Department for their failure to properly instruct, supervise and train DeSilva and for creating a policy or custom of improper use of handcuffs; assault and battery against DeSilva; invasion of Plaintiff's privacy against all Defendants;[1] false imprisonment against DeSilva; and false arrest against DeSilva.

Defendants seeks to dismiss all of Plaintiff's claims against them. For the following reasons, Plaintiff's federal claims based on 42 U.S.C. §§ 1981–1988 are dismissed with prejudice, and Plaintiff's state law claims are dismissed without prejudice.

## BACKGROUND

The facts, taken from Plaintiff's complaint and in the light most favorable to Plaintiff, are as follows: on June 11, 1999, Plaintiff suffered a seizure at Wal–Mart in Bristol, Pennsylvania. A police officer, Anthony DeSilva, hearing the radio call for emergency medical services, responded to the store. DeSilva entered the store and found Plaintiff in an active seizure. As the emergency medical team was unable to treat Plaintiff due to her flailing limbs and her continuing seizure, DeSilva placed handcuffs on Plaintiff allegedly to prevent any harm to herself or others. DeSilva allegedly handcuffed Plaintiff without any legitimate legal enforcement reason to do so. The emergency medical team eventually placed Plaintiff on a stretcher and restrained her with soft materials, such as cravats and straps. At some later point, the handcuffs were removed. Plaintiff alleges that, as a result of DeSilva's actions, she suffers from bilateral handcuff neuropathy, emotional distress, and loss of earnings.

## DISCUSSION

### I. Legal Standard

When deciding a 12(b)(6) motion,[2] a court must view all facts, and reasonable inferences drawn therefrom, in the light

---

1. Plaintiff claims that Defendants violated Plaintiff's right to be left alone based upon federal and state laws. (Pl.'s Compl. ¶ 27). Plaintiff's basis for a privacy action in federal law for her claim is unclear; moreover, Plaintiff has not properly pled any privacy action based upon federal law.

2. Although a motion to dismiss under Fed. R.Civ.P. 12(b)(6) "shall be treated as one for summary judgment", Fed.R.Civ.P. 12(b)(6), when matters outside the pleadings are presented to the court, "[g]enerally speaking, a trial court has discretion to address evidence outside the complaint when ruling on a motion to dismiss." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 559 (3d Cir. 2002) (internal citations omitted) (delineating the limited matters that a court may consider for a 12(b)(6) motion to include exhibits attached to the complaint, documents attached to the pleading that are referred to in the complaint and are central to the claim, and arguments of counsel).

most favorable to the non-movant. Fed. R.Civ.P. 12(b)(6); *see also Gen. Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 325 (3d Cir.2001). Dismissal is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir.1993). Notwithstanding these standards, a court "need not credit a complaint's bald assertions or legal conclusions." *See In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir.1997) (internal quotations omitted).

## II. Motion to Dismiss Plaintiff's Claim Under 42 U.S.C. §§ 1985–1986

Defendants move to dismiss Plaintiff's claims of civil rights violations under 42 U.S.C. §§ 1985–1986 for failure to state a claim.[3] Defendants assert that Plaintiff has not alleged that Defendants acted on any class-based animus against Plaintiff. Additionally, Defendants contend that Plaintiff did not allege that Defendants conspired with others to violate Plaintiff's civil rights. (Defs.' Mot. to Dismiss ¶ 27).

Plaintiff did not reply to this portion of the Defendants' Motion to Dismiss. Therefore, we dismiss Plaintiff's claim based upon 42 U.S.C. §§ 1985–1986 against all Defendants under Local Rules of Civil Procedure 7.1(c) as we assume Plaintiff does not contest this dismissal due to her lack of response.

However, even if the Court were to perform a cursory analysis of this portion of the Plaintiff's claim, Plaintiff failed to allege in either her Complaint or Reply to Defendants' Motion to Dismiss the requisite elements of a § 1985 claim. 42 U.S.C. § 1985(3) creates a cause of action if two or more persons conspire to deprive an individual of their rights or privileges un-

---

**3.** Plaintiff broadly alleges that Defendants deprived her of the rights, privileges and immunities secured and guaranteed to her in 42 U.S.C. §§ 1981–1988. (Pl.'s Compl. ¶ 9). Although Defendants do not address claims under § 1981, § 1982, § 1984, § 1987, and § 1988, it is clear that Plaintiff has no claim under any of these sections.

42 U.S.C. § 1981 guarantees that "[a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings ... as is enjoyed by white citizens." A plaintiff must set forth his membership in a racial minority, the defendant's intent to discriminate against the plaintiff on the basis of race, and that this discrimination concerned one or more activities covered in the statute to successfully establish a claim under 42 U.S.C. § 1981. *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir.2001); *Yelverton v. Lehman*, No. Civ.A.94–6114, 1996 WL 296551, at *7 (E.D.Pa. June 3, 1996), *aff'd. mem.*, 175 F.3d 1012 (3d Cir. 1999). Plaintiff has failed to set forth in her Complaint any allegations of discrimination based upon her race, or to even mention her race. Consequently, Plaintiff's claim against Defendants under 42 U.S.C. § 1981 is dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

For the same reasoning as set forth above, Plaintiff's claim against Defendants based upon 42 U.S.C. § 1982 is dismissed pursuant to Fed.R.Civ.P. 12(b)(6). 42 U.S.C. § 1982 provides the same rights to all United States citizens as those held by white citizens with regard to personal and real property. Plaintiff has failed to allege any discrimination based upon her race.

Plaintiff's claim against Defendants based upon 42 U.S.C. § 1984 is dismissed pursuant to Fed.R.Civ.P. 12(b)(6) as that statute was repealed completely on June 25, 1948.

Plaintiff's claim against Defendants based upon 42 U.S.C. § 1987 is dismissed pursuant to Fed.R.Civ.P. 12(b)(6) as Plaintiff does not allege any facts supporting a claim against government officials for failure to institute prosecutions of civil rights violations.

Plaintiff's claim against Defendants based upon 42 U.S.C. § 1988 regarding attorney's fees is not a relevant consideration for this Motion to Dismiss.

der the equal protection of the law. 42 U.S.C. § 1985(3) (West 1994). "[A] cause of action properly brought under § 1985(3) must allege the existence of a class 'racial or perhaps otherwise' and the existence of discriminatory animus or hostile motive triggering defendant's conduct." *Jackson v. Associated Hosp. Serv. of Phila.*, 414 F.Supp. 315, 323 (E.D.Pa.1976) (dismissing complaint for failure to state a cause of action under § 1985 through lack of allegations of a discernible class or class-based animus). *See also Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) ("[S]ome racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" must be alleged in a § 1985 claim.); *Lake v. Arnold*, 232 F.3d 360, 369 (3d Cir.2000) (affirming that mentally handicapped are a class for § 1985 purposes); *Teti v. Towamencin Township*, No. Civ.A.96–5402, 2001 WL 1168102, at *2 n. 2 (E.D.Pa. Aug.17, 2001) (outlining that a claim under 42 U.S.C. § 1985(3) protects members of a group or class defined by immutable characteristics); *Stouch v. Williamson Hospitality Corp.*, 22 F.Supp.2d 431, 434 (E.D.Pa.1998) (dismissing claim for failure to allege conspiracy based on class-based discrimination). Plaintiff has not alleged any class-based animus.

In addition to lacking allegations of class membership and class-based discrimination, Plaintiff failed to allege any conspiracy between the Defendants, *see Johnson v. Commw. of Pa. Dep't of Corrs.*, No. CIV. A.92–5149, 1993 WL 220611, at *5 (E.D.Pa. June 15, 1993), but rather repeatedly asserted that DeSilva acted "on his own volition". (Pl.'s Resp. to Defs.' Mot. to Dismiss at 2, 5; Mem. of Law in Supp. of Pl.'s Resp. to Defs.' Mot. to Dismiss at 4). Thus, Plaintiff's claim under 42 U.S.C. § 1985 would be dismissed against Defendants under Fed.R.Civ.P. 12(b)(6) if we had not already dismissed this claim under Local Rules of Civil Procedure 7.1(c).

Furthermore, without a properly pled claim under § 1985, a plaintiff cannot bring a § 1986 claim. *See Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir.1994) ("[T]ransgressions of § 1986 by definition depend on preexisting violation of § 1985".) (internal quotations omitted); *Stouch*, 22 F.Supp.2d at 433 (dismissing complaint for failure to allege sufficient conspiracy under 42 U.S.C. § 1986); *Messa v. Rubin*, 897 F.Supp. 883, 886–87 (E.D.Pa.1995) ("Because Messa's § 1985 claims must fail, so must his claims under 42 U.S.C. § 1986 which grants a cause of action against persons who know of an impending § 1985 violation and fail to prevent it.").

### III. Motion to Dismiss Plaintiff's Complaint Against Bristol Township Police Department

Defendants move to dismiss Plaintiff's claims against the Bristol Township Police Department contending that the Police Department is a sub-unit, not a distinct entity, of Bristol Township, another named Defendant in this suit. (Defs.' Mot. to Dismiss ¶ 28). As Plaintiff did not reply to this portion of Defendants' Motion to Dismiss, we dismiss Plaintiff's 42 U.S.C. § 1983 claim against the Police Department under Local Rules of Civil Procedure 7.1(c). Moreover, a police department cannot be sued under § 1983 in conjunction with a municipality as it is a local arm, not a separate entity, of the municipality. *Zamichieli v. Stott*, No. CIV.A.96–0254, 1999 WL 447311, at *3 (E.D.Pa. July 1, 1999); *Irvin v. Borough of Darby*, 937 F.Supp. 446, 450 (E.D.Pa.1996).

### IV. Motion to Dismiss Plaintiff's § 1983 Claim Against Defendants

▋ Plaintiff brings a 42 U.S.C. § 1983 claim against DeSilva, in his individual and official capacities, for placing handcuffs on her in an objectively unreasonable manner and with deliberate indif-

ference to her medical condition, use of excessive force, and failure to exercise due care and against the Township for failure to properly train, instruct and supervise its employees, including DeSilva, and creation of a policy, practice and/or custom of placing handcuffs on an individual improperly and with deliberate indifference. Plaintiff bases her civil rights claim on the Fourth Amendment.[4] (Pl's Compl. at 6–7). "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force," since " § 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Graham v. Connor*, 490 U.S. 386, 393–94, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (*quoting Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 2695 n. 3, 61 L.Ed.2d 433 (1979)).

### A. Plaintiff's Claim Against DeSilva

DeSilva moves to dismiss Plaintiff's § 1983 claim as he did not handcuff Plaintiff to arrest or detain her for law enforcement purposes nor was he deliberately indifferent to Plaintiff's medical needs.[5] (Defs.' Mot. to Dismiss ¶¶ 29–30). Additionally, DeSilva claims qualified immunity from Plaintiff's claim as there is no clearly established statutory or constitutional right to be free from emergency medical treatment. (Defs.' Mot. to Dismiss ¶ 32).

[3, 4] The United States Supreme Court, in *Harlow v. Fitzgerald*, stated that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). *See generally Grant v. City of Pittsburgh*, 98 F.3d 116, 121 (3d Cir.1996) ("[T]he question is whether a reasonable public official would know that his or her *specific conduct* violated clearly established rights."). "[W]hen a qualified immunity defense is raised a court *first* should determine whether the plaintiff has asserted a violation of a constitutional right at all." *Larsen v. Senate of the Commw. of Pa.*, 154 F.3d 82, 86 (3d Cir. 1998) (emphasis added). *See also Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991) (holding that threshold question is whether plaintiff has asserted a constitutional violation that was clearly established at the time the defendant acted); *Miller v. City of Phila.*, 174 F.3d 368, 374 (3d Cir.1999). Consequently, this Court will first consider whether DeSilva violated Plaintiff's constitutional rights under the Fourth Amendment.

In the landmark case, *Terry v. Ohio*, the United States Supreme Court defined a seizure as occurring "whenever a

---

**4.** Plaintiff also brings this claim under the Fourteenth Amendment. (Pl.'s Compl. ¶ 9). However, "[t]he Supreme Court has instructed that 'all claims that law enforcement officers have used excessive force ... in the course of a[] ... seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard, rather than under a substantive due process approach.' " *Mellott v. Heemer*, 161 F.3d 117, 121 (3d Cir.1998) (*quoting Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)). Moreover, Plaintiff re-

peatedly asserts that she is bringing this claim pursuant to the Fourth Amendment. Accordingly, we shall examine Plaintiff's 42 U.S.C. § 1983 claim solely under the Fourth Amendment.

**5.** Although Defendants move for summary judgment on this claim, we apply the Fed. R.Civ.P. 12(b)(6) standard as Defendants' arguments reflect their belief that Plaintiff has no basis for her claim. Additionally, we need not consider any additional matters outside the pleadings to reach our decision.

police officer accosts an individual and restrains his freedom to walk away." [6] *Terry v. Ohio,* 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968). From the individual's perspective, "a person has been 'seized' ... only if, in the view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *California v. Hodari,* 499 U.S. 621, 628, 111 S.Ct. 1547, 1551, 113 L.Ed.2d 690 (1991). *Accord I.N.S. v. Delgado,* 466 U.S. 210, 215, 104 S.Ct. 1758, 1762, 80 L.Ed.2d 247 (1984); *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). Once a seizure occurs, "[t]he general rule [is] that every arrest, and every seizure having the essential attributes of a formal arrest, is unreasonable unless it is supported by probable cause." *Michigan v. Summers,* 452 U.S. 692, 700, 101 S.Ct. 2587, 2593, 69 L.Ed.2d 340 (1981). To successfully bring a claim under the Fourth Amendment, Plaintiff must demonstrate that a seizure was made and that it was objectively unreasonable. *See Mendenhall,* 446 U.S. at 555, 100 S.Ct. at 1877; *Mellott v. Heemer,* 161 F.3d 117, 124 (3d Cir.1998); *Estate of Smith v. Marasco,* No. 00–CV–5485, 2002 WL 54507, at *9 (E.D.Pa. Jan.11, 2002).

■ The case at hand does not incorporate a Fourth Amendment seizure. Both parties agree that DeSilva was a police officer during the incident and remains so today. Additionally, both parties agree that DeSilva placed handcuffs on Plaintiff, thereby restraining her movement. However, Plaintiff did not possess the conscious will to voluntarily move her body at the time the handcuffs were placed upon her. A reasonable person would not believe that DeSilva's actions prevented an individual such as Plaintiff from leaving the store, but rather that her seizure prevented Plaintiff from voluntary movement of any kind. Concurring with the standard set forth in *Hodari, Delgado* and *Mendenhall,* we find that Plaintiff was not "seized" within the meaning of the Fourth Amendment.

Moreover, the line of reasoning beginning with *Terry* developed an analytical framework for limitations upon an officer's seizure of an individual for *law enforcement purposes.* Chief Justice Warren shaped his discussion in the initial paragraph of *Terry* by limiting his opinion to "serious questions concerning the role of the Fourth Amendment in the confrontation on the street between the citizen and the policeman *investigating suspicious circumstances.*" *Terry,* 392 U.S. at 4, 88 S.Ct. at 1871. Later cases have noted this narrowing of the scope of *Terry. See, e.g., New Jersey v. T.L.O.,* 469 U.S. 325, 335, 105 S.Ct. 733, 739, 83 L.Ed.2d 720 (1985) ("[T]he government's motivation is to investigate violations of criminal laws or breaches of other statutory or regulatory standards".); *Summers,* 452 U.S. at 700 n. 12, 101 S.Ct. at 2593 n. 12 (noting "the purpose underlying a *Terry* stop-investigating possible criminal activity"); *Leveto v. Lapina,* 258 F.3d 156, 167 (3d Cir.2001) (in describing the balancing test for rea-

---

**6.** However, the Supreme Court recognized that limited exceptions to this general rule are constitutional if "[t]he Fourth Amendment's central requirement ... of reasonableness" is retained. *Illinois v. McArthur,* 531 U.S. 326, 330, 121 S.Ct. 946, 949, 148 L.Ed.2d 838 (2001). Neither party invokes these exceptions to the general rule, and, consequently, we will not consider these exceptions in our analysis. *See Michigan v. Summers,* 452 U.S. 692, 702–03, 101 S.Ct. 2587, 2594, 69 L.Ed.2d 340 (1981) (enumerating some of the limited exceptions to include the interest in preventing a suspect's flight, the interest in minimizing the potential harm to officers, and the interest in the orderly completion of a search); *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (noting the exception of the general interest in effective crime prevention and detection).

sonableness, "law enforcement interests can justify a seizure" depending upon its intrusiveness).

DeSilva alleges that he handcuffed Plaintiff to protect her and the emergency medical team from further harm. (Defs.' Mot. to Dismiss ¶ 29). Plaintiff contests this justification, but fails to offer an alternative explanation. Still, both parties agree that there was no criminal or law enforcement purposes in handcuffing Plaintiff. (Pl.'s Compl. ¶¶ 13, 21(i)–(o)); (Defs.' Mot. to Dismiss ¶¶ 29–30). Therefore, the legal precedent set forth by the line of *Terry* cases does not apply in this matter as the underlying reason for the application of the handcuffs was not for legal enforcement purposes. Thus, as DeSilva did not violate any constitutional right of Plaintiff, DeSilva has qualified immunity and Plaintiff cannot sustain a § 1983 claim. *See Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738.

### B. Plaintiff's Claim Against the Township

As Plaintiff's 42 U.S.C. § 1983 claim is dismissed against DeSilva, similarly, it is dismissed against the Township. Plaintiff alleges that the Township failed to properly train, instruct and supervise its employees, including DeSilva, and created a policy, practice and/or custom of placing handcuffs on an individual improperly and with deliberate indifference. (Pl.'s Compl. ¶ 23).

■ To recover against a municipality under 42 U.S.C. § 1983 for failure to train, a plaintiff must demonstrate that the "fail-

ure to train amounted to a deliberate indifference to the rights of persons with whom the police come in contact ... and .. the municipality's policy actually caused a constitutional injury." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989) (expanding on *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), in which a municipality's liability is due to their policy, practice and/or custom); *see also Carroll v. Borough of State Coll.,* 854 F.Supp. 1184, 1195 (M.D.Pa.1994). As we do not find that DeSilva caused any constitutional injury to Plaintiff, the Township is not liable to Plaintiff. *See Williams v. Borough of W. Chester,* 891 F.2d 458, 467 (3d Cir.1989) (finding that as all individually sued officers were not liable for civil rights violation, municipality was not liable); *Doman v. City of Phila.,* No. Civ. A.99–6543, 2000 WL 1224906, at *4 (E.D.Pa. Aug.29, 2000).[7] Accordingly, Plaintiff's 42 U.S.C. § 1983 claim against the Township is also dismissed.

### V. Motion to Dismiss Plaintiff's State Law Claims for Lack of Jurisdiction

■ Plaintiff also brings counts of state tort liability against DeSilva for assault and battery, false arrest, and false imprisonment and against all Defendants for the invasion of her privacy. As all federal claims against Defendants have been dismissed, Defendants move to dismiss these additional claims for lack of jurisdiction. For the following reasons, we dismiss without prejudice the remaining four state tort claims against Defendants.

---

**7.** *Contra Fagan v. City of Vineland,* 22 F.3d 1283, 1292 (3d Cir.1994) ("A finding of municipal liability does not depend automatically or necessarily on the liability of any police officer" in a 42 U.S.C. § 1983 claim brought under the Fourteenth Amendment's substantive due process clause). As discussed *supra* in note 4, Plaintiff's claim against the Town-

ship in this case arises under the Fourth Amendment and not the Fourteenth Amendment. *See also* Mem..of Law in Supp. of Pl.'s Resp. to Defs.' Mot to Dismiss at 12–13 (citing that the "objectively unreasonable" standard, not the "shocks the conscience" standard, is applicable in her claim against the Defendants).

Federal courts may exercise supplemental jurisdiction over pendent state law claims if they possess original jurisdiction over federal claims brought under a common nucleus of operative facts. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Codified in 28 U.S.C. § 1367(c)(3) (West 2002), Congress delineated a district court's discretion to exercise supplemental jurisdiction following the dismissal of all federal law claims. The United States Court of Appeals for the Third Circuit refined this discretion in stating that "under *Gibbs* jurisprudence, where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must decline* to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir.1995) (emphasis added); *see also Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir.2000) (same). Plaintiff has not presented any evidence that judicial economy, convenience or fairness would suffer due to our refusal to assert supplemental jurisdiction over Plaintiff's state law claims, nor do we find any considerations convincingly so. Consequently, Plaintiff's state law claims are dismissed without prejudice.

### VI. Motion to Dismiss Claims for Punitive Damages

As there are no longer any of Plaintiff's claims remaining before this Court, we decline to decide this issue.

### VII. Conclusion

An appropriate Order follows.

### ORDER

AND NOW, this 13th day of August, 2002, upon consideration of the Motion to Dismiss of Defendants, Bristol Township, a/k/a the Township of Bristol, Bristol Township Police Department, and Police Officer Anthony DeSilva, and Plaintiff's response thereto, it is hereby ORDERED, in accordance with the foregoing Memorandum, that Plaintiff's federal law claims based on 42 U.S.C. §§ 1981–1988, the Fourth Amendment and the Fourteenth Amendment against Defendants are DISMISSED WITH PREJUDICE and Plaintiff's state law claims of assault and battery, invasion of privacy, false arrest and false imprisonment against Defendants are DISMISSED WITHOUT PREJUDICE.